UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| HAROLD E. GROSS, | ) | 3:14-cv-00365-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | October 29, 2015 |
| | ) | |
| MEGAN MCCLELLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>     REPORTER:      <u>FTR</u>

COUNSEL FOR PLAINTIFF:  <u>Harold E. Gross, In Pro Per (Telephonically)</u>

COUNSEL FOR DEFENDANT:  <u>Benjamin R. Johnson (Telephonically)</u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:04 a.m.  Court adjourns.

The court convenes to address Plaintiff's motion entitled "Plaintiff's Request for Leave of Court Compelling Defendants to Answer a Second Set of Interrogatories" (ECF No. 30).  After the court characterizes the scope of the motion, Plaintiff confirms he is seeking to serve an additional set of interrogatories on the Defendant.

Deputy Attorney General Johnson explains the Defendant opposes Plaintiff's motion for two reasons.  First, DAG Johnson argues the Plaintiff has reached the maximum number of interrogatories allowed to be served pursuant to Fed. R. Civ. P. 33.  Second, DAG Johnson states after reviewing the proposed interrogatories, the Defendant maintains the position that many of requests are irrelevant to the claims proceeding in this action.  DAG Johnson further advises the court that the parties have not participated in a meet and confer conference to address the Plaintiff's latest discovery requests.

The court and parties next have general discussions regarding the nature of the interrogatories requested by the Plaintiff.  The court indicates it is inclined to allow additional interrogatories; however, the court expresses similar concerns shared by DAG Johnson regarding certain of  Plaintiff's requests being irrelevant and/or argumentative.

Minutes of Proceedings
3:14-cv-00365-MMD-WGC
October 29, 2015

      After reviewing and discussing several of Plaintiff's interrogatories with the parties, the court is inclined to allow Plaintiff to serve additional interrogatories. The court, however, encourages the Plaintiff to embrace its suggestion to re-characterize the interrogatories so they are more relevant to the specific claims in this matter rather than argumentative statements.

      IT THEREFORE ORDERED "Plaintiff's Request for Leave of Court Compelling Defendants to Answer a Second Set of Interrogatories" (ECF No. 30) is **GRANTED**. The court directs that the parties arrange a meet and confer conference within the next week to address Plaintiff's additional second set of interrogatories. A good faith effort should be made by both Plaintiff and Defendant to resolve any discovery disputes. However, if the parties are unable to resolve certain discovery disputes, DAG Johnson shall submit the specific questions and responses relative to the discovery dispute(s) no later than **Friday, December 4, 2015**.

      The court schedules a status conference for **Tuesday, December 8, 2015, at 10:00 a.m.** At that time, the court will address any remaining discovery disputes and reset the dispositive motion(s) and proposed joint pretrial order deadlines. However, should DAG Johnson report that there are no outstanding discovery disputes, the court will vacate the hearing and enter a minute order reestablishing the dispositive motion(s) and proposed joint pretrial order deadlines.

      The court next addresses concerns expressed by the Plaintiff regarding certain document productions made by the Defendant and with regard to the limitations imposed on Nevada Department of Corrections ("NDOC") inmates relating to securing inmate witnesses and/or declarations. The court acknowledges the Plaintiff's concerns and encourages the parties to also include these two topics during their meet and confer conference. Additionally, the court suggests the Plaintiff kite the warden's office so he can review his medical records. The court declines to address Plaintiff's oral request to interview and/or obtain declarations from other NDOC inmates. If Plaintiff wishes to pursue this issue, he should file a written motion so that the Attorney General may respond.

      The court next makes note of the confusion regarding the actual name of the defendant currently identified as "Casework Meegan." DAG Johnson reports the correct name for the Defendant is Megan McClellan (see Defendant's answer ECF No. 25). IT IS THEREFORE ORDERED the caption of this case shall reflect the correct name of defendant Caseworker Meegan as Megan McClellan. DAG Johnson and Plaintiff have no objection. Henceforth, all documents shall be captioned: Harold E. Gross v. Megan McClellan.

///
///
///

Minutes of Proceedings
3:14-cv-00365-MMD-WGC
October 29, 2015

There being no additional matters to address at this time, court adjourns at 10:50 a.m.

**IT IS SO ORDERED.**

                                              LANCE S. WILSON, CLERK

                                              By: _____/s/_____
                                              Katie Lynn Ogden, Deputy Clerk