# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| HAROLD E. GROSS, | ) | 3:14-cv-00365-MMD-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| MEGAN McCLELLAN, | ) | Re: ECF No. 38 |
| Defendant. | ) | |

Before the court is Plaintiff's "Motion of Notice to Court of Defendants Disclosure of Confidential and False Information." (ECF No. 38.)[1] Defendant has responded (ECF No. 42) and Plaintiff has replied (ECF No. 53). After consideration of the arguments of the parties, the court denies Plaintiff's motion.

## I. BACKGROUND

Plaintiff's amended complaint sued Lovelock Correctional Center (LCC) Caseworker Meegan[2] for allegedly improperly housing Plaintiff, "a known Jewish inmate," with a violent security threat group member who was averred as being a "self-admitted white supremacist and Nazi skinhead gang member." (ECF No. 6 at 3; Count I.) As a result of this housing, Plaintiff claims he was subjected to violence, physical beatings, torture and sexual assaults. Plaintiff's allegations in Count I, interpreted as an Eighth Amendment claim for failure to protect, were allowed to proceed. (ECF No. 10 at 5.)

In Count III, the court found that Plaintiff stated a colorable due process claim arising from

---

[1] Refers to court's Electronic Case Filing number.

[2] The Defendant's name appearing in the amended complaint was corrected to read as Megan McClellan. (ECF No. 34.)

Plaintiff being placed in Administrative Segregation for 30 days after being attacked, which classification Plaintiff states was not properly reviewed and caused Plaintiff to lose his prison job. (*Id*. at 6.)

Following completion of discovery, Plaintiff Gross filed a motion for summary judgment. (ECF No. 38.) Defendant filed a cross motion for summary judgment. (ECF No. 45.) Final briefing on the parties' motions for summary judgment remain to be completed.

This order addresses Plaintiff's motion regarding "disclosure of confidential and false information."

## II. DISCUSSION

The court has difficulty in interpreting the nature of Plaintiff's motion and the relief he seeks. As best as the court can ascertain, it appears Plaintiff is complaining that Defendant McClellan disclosed what Plaintiff characterizes as being "confidential, false, and directly misleading information about Plaintiff's current cellmate Anthony Prentice." (ECF No. 38 at 1.) In the conclusion of his motion, Plaintiff states that "Inmate Prentice has a right to confidentiality as well as a right against being mislabeled by the Defendant." Plaintiff seeks an order barring the Defendant "from disclosing this misleading and false information in both pleadings before the court and during trial." (*Id*. at 9, ¶ VI.)

Defendant's response denies disclosing any confidential information about inmate Prentice or Plaintiff and suggests that if anyone disclosed information about inmate Prentice, it was Plaintiff. Defendant also states she "has no intention to raise this issue at trial, should the case advance that far." (ECF No. 42 at 1-2.)

Plaintiff's reply memorandum reiterates his prior arguments that Defendant's discovery responses state Plaintiff's current housing with Mr. Prentice "places [Plaintiff] in a very similar situation which is the basis of this complaint." Plaintiff interprets this statement as inferring he is again housed with a "Nazi skinhead" which is further interpreted as suggesting Mr. Prentice, his current cellmate, is also a Nazi skinhead. (ECF No. 53 at 3, 4.)

As outlined above, Plaintiff seeks to prevent the Defendant from disclosing "misleading and false information." However, the court does not perceive how the purported disclosure adversely impacts Plaintiff, if at all.

2

Liberally interpreting Plaintiff's filings, one might conclude that Plaintiff is arguing that Defendant's discovery responses connote an acquiescence by Plaintiff – by being currently housed with someone whose character or background is similar to the inmate whom he contends attacked him as alleged in his amended complaint – constitutes an admission of some kind he consented to the housing arrangement at the time of the alleged assault. But even if that were the situation, the court cannot order a Defendant to respond to discovery in a fashion which does not offend Plaintiff's theory of the case.

More strictly construing Plaintiff's motion, however, it appears to the court that Plaintiff is attempting to argue a claim (i.e., some type of errant disclosure) which belongs to inmate Prentice – <u>not</u> Plaintiff. Plaintiff has no standing to argue any violation of inmate Prentice's rights.

Additionally, the disclosure (if any) of information about Prentice's background came mostly, if not exclusively, from Plaintiff. Even before Plaintiff's motion was submitted, Plaintiff filed a lengthy declaration of Anthony Prentice which describes in great detail his (Prentice's) role (or perhaps former role) as a "white supremist (sic) skinhead." (ECF No. 33 at 1-3.) Also, Plaintiff's motion submitted as Exhibit 3 an eleven page manifesto expressing Mr. Prentice's (aka "Comrade Ammianlis N. Pompilius") past and present views on racism. (ECF No. 38 at 41-51.)

Plaintiff's motion is at best tangentially associated with Plaintiff's two surviving causes of action. It has been held, at least with respect to motions seeking injunctive relief, that the subject matter of the motion must bear a relationship or connection to the cause of action which is proceeding in Plaintiff's civil rights action. The Ninth Circuit Court of Appeals recently stated in *Pacific Radiation Oncology, LLC., v. Queen's Medical Center* that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. ___ F.3d. ___, 2015 WL 9286637, at * 4 (9th Cir. Dec. 22, 2015). Without that nexus, the court lacks authority to grant the relief requested. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994), citing *DeBeers Consol. Mines v. United States*, 325 U.S. 202, 220 (1945). The nature of the underlying allegations in Plaintiff's Amended Complaint should have a connection to the pending motion, which they do not (or more appropriately stated, the motion should be associated with the charging averments of the complaint, which they do not). The harm suffered by Prentice, if any, is insufficiently related to the subject matter of Plaintiff's action to enable this court to grant the relief sought by Plaintiff on behalf of Prentice.

3

Last, whatever disclosure occurred has already taken place. The "cat is out of the bag," so to speak. An order "barring the Defendant from disclosing this misleading and false information" could not undo what has occurred (even if the disclosures were misleading or false, which characterization the court does not necessarily embrace). Additionally, Defendant in her responsive memorandum states she "has no intention to raise this issue at trial, should the case advance that far." (ECF No. 42 at 2.)

### III.  CONCLUSION

Plaintiff's motion (ECF No. 38) is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 5, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE