UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAROLD E. GROSS,<br><br>Plaintiff,<br><br>v.<br><br>MEGAN MCCLELLAN,<br><br>Defendant. | Case No. 3:14-cv-00365-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF No. 59 |

Before the court is Defendant's Motion to Strike Plaintiff's Opposition to Defendant's Reply in Support of Defendant's Cross-Motion for Summary Judgment. (ECF No. 59.) Defendant asks the court to strike this surreply filed by Plaintiff.

Defendant is correct that Local Rule 7-2 regarding motions only contemplates the filing of a motion, response, and reply. The court's local rules also state that surreplies are not permitted without leave of court and are discouraged. LR 7-2(b). Defendant acknowledges, however, that surreplies have been allowed where the reply brief argues new matters not previously addressed in the underlying motion or responsive brief. (ECF No. 59 at 3.)

Defendant argues, however, that her reply memorandum (ECF No. 57) was confined to matters addressed in the prior briefing. This argument ignores that Defendant's reply brief presents **new** evidence that was **not** in fact addressed in the prior briefing. Specifically, Defendant's reply brief presents evidence concerning Plaintiff's prior cellmate, Mr. Parson's, disciplinary history which had not been addressed in the memoranda nor had it been produced to Plaintiff in discovery. (ECF Nos. 57 at 6; 57-1 at 3-4.)  In addition, the reply brief presented a supplemental declaration on behalf of Defendant (ECF No. 57-1). It was reasonable, therefore, for Plaintiff to want to respond to Defendant's previously unaddressed arguments.

1    Plaintiff claims he attempted to obtain information in discovery regarding Mr. Parsons'
2 disciplinary history, but he states Defendant objected on grounds that it was confidential
3 information about another inmate that Plaintiff as an inmate was not allowed to possess. (ECF
4 No. 58 at 5, 6, 16.)
5    Plaintiff, however, does not provide any specific citation to the record where this
6 information was requested in discovery but was denied. On the other hand, Defendant does not
7 respond to Plaintiff's argument that the factual information and representations contained in
8 Defendant's reply memorandum were the subject of Plaintiff's discovery to which Defendant
9 objected on the grounds, as Plaintiff characterizes it, that Parson's disciplinary history was of a
10 "confidential nature" and "inmates were not allowed to possess such information." (*id.* at 5.)
11    Plaintiff also points out the contradiction that Parson's disciplinary history was not filed
12 under seal, thereby "injecting Parson's disciplinary history into public record." (*id.* at 5.) Also,
13 Defendant's memorandum was served upon Plaintiff it its entirety, thereby allowing Plaintiff –
14 and the public -- to have access to and possess this allegedly confidential information. (ECF
15 No. 57 at 11.)
16    There may have been extenuating circumstances which justified the Defendant not
17 producing this information in discovery, assuming Plaintiff had requested its production in some
18 fashion and assuming Defendant objected to its production as Plaintiff contends.  If so, utilizing
19 that same objectionable information later in legal briefing is a practice which should not reoccur
20 in the future.

21                                **CONCLUSION**

22    While Plaintiff should have sought leave of court before filing the surreply, the court will
23 excuse his error on this occasion in light of his pro se status.  Plaintiff is advised that in the future
24 he is required to seek leave of court before filing briefing beyond a motion, response or reply
25 brief.  LR 7-2(b)
26    The court has considered Plaintiff's argument of law and fact contained in his opposition
27 ("surreply") to Defendant's reply memorandum as is addressed in greater detail in this court's
28 Report and Recommendation of this date submitted to District Judge Miranda M. Du.

1      As a result, Defendant's motion to strike (ECF No. 59) is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 1, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE