UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAROLD E. GROSS,<br><br>                        Plaintiff,<br>v.<br><br>MEGAN MCCLELLAN.,<br><br>                        Defendant. | Case No. 3:14-cv-00365-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

## I. SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 64) ("R&R") relating to Plaintiff's motion for summary judgment ("Plaintiff's Motion") (ECF No. 37). Defendant filed a response, as well as a cross-motion for summary judgment ("Defendant's Motion"). (ECF Nos. 45, 46.) Plaintiff filed a response to Defendant's motion and reply in support of his own motion. (ECF Nos. 55, 56.) Defendant filed a reply in support of her Motion. (ECF No. 57.) Plaintiff then filed a response to Defendant's reply (ECF No. 58), which Defendant moved to strike. (ECF No. 59) Magistrate Judge Cobb properly denied the motion to strike. (ECF No. 63.) The Court has reviewed Plaintiff's objection to the R&R (ECF No. 67) and Defendant's response thereto (ECF No. 68). For the reasons discussed herein, the Court adopts the R&R.

## II. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections. The events giving rise to this action occurred while Plaintiff was housed at Lovelock

Correctional Center. (ECF No. 6.) After screening, Plaintiff was allowed to proceed on his Eighth Amendment failure to protect and Fourteenth Amendment due process claims. (ECF No. 10 at 3-6.) The relevant background facts are recited in the R&R, which this Court adopts. (ECF No. 64 at 2, 7-9.)

## III.   LEGAL STANDARD

### A.   Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiffs' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendation. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

///
///

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (quoting William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 499 (Feb. 1992) (citations omitted). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV.   DISCUSSION

The Magistrate Judge recommends granting summary judgment on Plaintiff's due process claim based on Plaintiff's request to voluntarily withdraw this claim (ECF No. 55 at 28). (ECF No. 64 at 5.) The Court will adopt this recommendation.

The Magistrate Judge recommends granting summary judgment on Plaintiff's Eighth Amendment failure to protect claim because the undisputed facts do not show Plaintiff was subjected to conditions of incarceration imposing a substantial risk of serious harm. (ECF No. 64 at 8-13.) In reaching this recommendation, the Magistrate Judge thoroughly examined Plaintiff's allegations and the evidence offered by the parties; and the Magistrate Judge applied the facts to the law in the Ninth Circuit as established in *Labatad v. Corrections Corp. of America,* 714 F.3d 1155 (9th Cir. 2013). (*Id.*)

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. "'Deliberate indifference' has both subjective and objective components." *Labatad,* 714 F.3d at 1160. The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad,* 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847).

Plaintiff contends that he has shown Defendant's knowledge of a substantial risk of serious harm by showing Defendant's failure to properly screen to ensure Plaintiff, a Jewish inmate, would not be housed with a white supremacist like Parsons. (ECF No. 67 at 6-7.) However, as the court in *Labatah* found, the fact that two known rival gang members were placed in the same unit, without more facts supporting an inference of knowledge of substantial risk of harm to the plaintiff, is not sufficient to establish deliberate indifference. *Labatad*, 714 at 1161. Plaintiff also points to his record of being victimized previously to show a rational trier of fact could find him more vulnerable to future attacks by other inmates. (ECF No. 67 at 9-10.) As the Magistrate Judge correctly found, the prior incident at NNC related to Plaintiff being a possible target "due to refusing to tattoo other inmates," which would not put Defendant on notice of any prospective threat from a white supremacist. (ECF No. 64 at 10-11.)

The Magistrate Judge properly examined and addressed each of Plaintiff's arguments. Having reviewed the records, the Court agrees with the Magistrate Judge's recommendation to find that Plaintiff fails to establish that Defendant knew of and disregarded a substantial risk of harm to Plaintiff by placing him in the same unit as Parsons. Accordingly, the Court will adopt the R&R and overrule Plaintiff's objection.

**V.    CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 64) is accepted and adopted in full.

It is hereby ordered that Plaintiff's motion for summary judgment (ECF No. 37) is denied.

1  It is further ordered that Defendant's motion for summary judgment (ECF No. 45) is
2  granted.
3  The Clerk is directed to enter judgment in accordance with this Order and close this
4  case.
5  DATED THIS 26th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE